IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO 3:13cr122-MHT |
| | ) | [18 USC § 2252A(a)(2)] |
| TYSON SCOTT KLEAR | ) | |
| | ) | INFORMATION |

The United States Attorney charges:

## COUNT I

On or about September 21, 2012, in Lee County, within the Middle District of Alabama, and elsewhere, the defendant,

TYSON SCOTT KLEAR,

used a computer connected to the internet knowingly to distribute images of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that is, visual depictions of actual minors engaging in sexually explicit conduct, which had been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, in violation of Title 18, United States Code, Section 2252A(a)(2).

## FORFEITURE ALLEGATION

A. The allegations contained in Count 1 are incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 2253.

B. Upon conviction for the violation of Title 18, United States Code, Section 2252A(a)(2) or 2252A(a)(5)(B), as alleged in Count 1, the defendant,

TYSON SCOTT KLEAR,

1

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2253:

(1) any visual depiction described in Title 18, United States Code, Sections 2251, 2251A, or 2252, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of such offense(s);

(2) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense(s); and,

(3) any property, real or personal, used and intended to be used to commit and to promote the commission of such offense(s).

Such property, depictions, items and matter shall include, but is not limited to, a Toshiba laptop computer.

C. If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendant,

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred and sold to, and deposited with a third person;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to seek an order of this Court forfeiting any other property of said defendant up to the value of any property described in paragraph B above.

All pursuant to Title 18, United States Code, Section 2253.

GEORGE L. BECK, JR.
UNITED STATES ATTORNEY

Tommie Brown Hardwick
Assistant United States Attorney

Jared H. Morris
Assistant United States Attorney

3